Per curtain.
 

 -Much has been said in the argument about the rtet of limitation ; That has two clauses — 'he nist regaids possession under irregular and informal convey anees made before the passing of that act, and confirms the title where there either had been a possession for seven years, or where there had been a possession for part of seven years, which should be completed after the act; the other regarded future possessions and- titles, and meant to establish the title of a subsequent patentee or bar-gainee of a patentee, who should take ano keep an undisturbed possession of seven veáis under such latter title. But it ripen.3 no possession into title which is not accompanied with a colour oí title, it is true, as argued, that possession of part, is posses-aiofi of the whole : but this applies only where two patents cover
 
 m
 
 part the same tract of land, the one lopping over upon-the other ; and both claimants are in possession oi that part covered by his patent, and not covered by the other parent. He who has the elder title, is then in the h gal possession-of the. whole land within- his patent, as well that covered by the other, patent as that which is not: but if one of the patentees actually nits down upon the part covered by both patents, and is in possession thereof seven vears, the legal possession1 is his, not the other’s ; and the act of limitations will in such case complete irs title, though tnc weaker one before : this must be however, an actual possession taken and kept by himself in prison, his-' tenants, slaves or agents ; and it must be a continued possession for the tv hole, seven yerra. If its the present case, the 100 acres in' dispute was severed by the conveyance of the patentee from the 340 acres, h'is possession of part of the 340, extended no-further than to the dividing line between the 340 utd the 100 ^ores severed ñom it; nor could it ever extend into the ICO-acres so as to tipen into title, unless he by some other conveyance, device or the like, regained a colourable title thereto. 4.0 years possession of the 340 acres,, could not give a tide to the J,Q0 acre tract.
 

 Verdict and judgment
 
 for the
 
 defendant.